# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

*FILED*

J.N

AUG X 1 2008

AUG 4 2008

MICHAEL W. DOBBINS

CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| AEL FINANCIAL LLC, an Illinois limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| TRI-CITY AUTO SALVAGE, INC., a North Carolina corporation and MICHAEL P. GUARGLIA, an individual, | ) ) ) ) |
| Defendants. | ) ) |

Case No.

08CV4384
JUDGE KENDALL
MAG. JUDGE MASON

## DEFENDANTS' NOTICE OF REMOVAL

NOW COME Defendants Tri-City Auto Salvage, Inc. and Michael P. Guarglia, pursuant to 28 U.S.C. § 1446, and provide notice of removal to this Court of the civil action that is pending in the Third District Municipal Department of the Circuit Court of Cook County, Illinois and entitled *AEL Financial LLC, an Illinois limited liability company, vs. Tri-City Auto Salvage, Inc., a North Carolina corporation and Michael P. Guarglia, an individual, Case No. 08 M3 2241* (hereinafter referred to as the "State Court Action"). The amount in controversy in the State Court Action exceeds the sum of $75,000.00, exclusive of interest and costs, and is between an Illinois plaintiff and North Carolina defendants. Defendants have therefore removed the State Court Action on the grounds that this Court has original jurisdiction of the civil action under 28 U.S.C. § 1332(a)(1). Defendants have attached as Exhibit #1 the Summons, Verified Complaint at Law, and Notice and Acknowledgment of Receipt of Summons and Complaint from the State Court Action.

In support of the Notice of Removal, Defendants show as follows:

## BACKGROUND

1.    On June 18, 2008, Plaintiff filed a Verified Complaint at Law ("Complaint") against Defendants and had a Summons issued.

2.    On July 1, 2008, Plaintiff mailed the Summons and Complaint to Defendants.

3.    On July 16, 2008, Defendants executed an Acknowledgment of Receipt of the Summons and Complaint.

4.    Defendants have filed the Notice of Removal within thirty days following their receipt of the Complaint.

## AMOUNT IN CONTROVERSY

5.    In this action, Plaintiff seeks to enforce the terms of the Capital 4 Financial Services Rental Agreement that is attached to the Complaint as Exhibit A (hereinafter referred to as the "Agreement"). *Complaint* at ¶5.

6.    According to the Complaint and Agreement, Defendants were obligated to pay Plaintiff $1,845.88 per month for a 60-month period that began on August 1, 2006. *Complaint* at ¶6, Ex. A.

7.    Defendants have failed to make their monthly payments since November, 2007 and Plaintiff has therefore accelerated the balance due for the remaining 45 months.[1] *Complaint* at ¶¶7, 16, 18.

8.    Under the terms of the Agreement (if enforced by a court), Defendants owe Plaintiff $1,845.88 per month for 45 months, a sum totaling $83,064.60.[2]

---

[1]  The number of monthly payments that Defendants made between August 1, 2006 and October, 2007 is 15.

[2]  In the Complaint, Plaintiff alleges, without explanation, that the amount owed is $72,966.52, exclusive of legal fees, costs, and late charges. *Complaint* at ¶¶18-19, 25, 27. This allegation is not binding for the purpose of determining the amount in controversy. *See BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548 (7th Cir. 2002) (finding that the amount in controversy exceeded $75,000 even though the plaintiff alleged a claim for rent in the amount of $48,000).

9.    In addition to this amount, Plaintiff seeks late charges, attorney's fees, and damages for "loss of use of monies paid for the Equipment." *Complaint* at ¶¶17-18, 27, Ex. A.

10.    Under the Agreement, a late charge of 5% may be applied to any payment that is not made when due. The late charges in this case are likely to be $4,153.23 (83,064.60 x 5%).

11.    With regard to attorney's fees, it is reasonable to assume that Plaintiff has expended as much as $3,000.00 through the filing of the Complaint. *See Gardynski-Leschunk v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998) (observing that the amount of recoverable legal fees incurred through the commencement of litigation may be considered by the court in determining the amount in controversy).

12.    Finally, Plaintiff has alleged that it "has suffered damages by the loss of use of monies AEL paid for the Equipment." *Complaint* at ¶17. Although Plaintiff has not quantified those damages, this amount is likely to be at least $6,000.00, which is 10% of the $60,000.00 funding amount noted in Exhibit A to the Complaint.

13.    The amount in controversy thus exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY

14.    Plaintiff is an Illinois limited liability company with its principal place of business in Buffalo Grove, Illinois. *Complaint* at ¶2. Its members are all citizens of the State of Illinois.[3]

15.    Defendant Tri-City Auto Salvage, Inc. is a North Carolina corporation with its principal place of business in Greensboro, North Carolina. *Complaint* at ¶3.

16.    Defendant Michael P. Guarglia is a citizen and resident of North Carolina. *Complaint* at ¶4.

---

[3] Plaintiff made this allegation in paragraph 5 of the Complaint that it filed in *AEL Financial, LLC vs. City Auto Parts of Durham, Inc. d/b/a City Auto Salvage City, et al.*, Case No. 1:08-cv-0390 (N.D. Ill.).

17.    There is complete diversity of citizenship between Plaintiff and Defendants.

## ADDITIONAL MATTERS

18.    In accordance with 28 U.S.C. § 1446(a), the Eastern Division of the United States District Court for the Northern District of Illinois Eastern Division is the district and division within which the State Court Action is pending.

19.    A copy of the written notice required by 28 U.S.C. § 1446(d) addressed to Plaintiff and to the Clerk of Court for the Third District Municipal Department of the Circuit Court of Cook County, Illinois is attached hereto as Exhibit #2.  The notice will be promptly filed in the State Court Action and served upon Plaintiff's counsel.

WHEREFORE, Defendants respectfully request that this Court assume jurisdiction over this matter to the exclusion of any further proceedings in the state courts of Illinois.

This the 1st day of August, 2008.

Robert S. Bell, Jr.
Attorney At Law
2200 West Higgins, Suite 155
Hoffman Estates, IL 60195
Telephone: (847) 519-0010
Fax: (847) 519-0016
rsbelljr@sbcglobal.net
Local Counsel for Defendants

Carlos E. Mahoney
Glenn, Mills, Fisher & Mahoney, P.A.
P. O. Drawer 3865
Durham, North Carolina 27702-3865
Telephone: (919) 683-2135
Fax: (919) 688-9339
cmahoney@gmf-law.com
N.C. State Bar No. 26509
Counsel for Defendants
Pending Approval by the Court of Counsel's
Motion for Leave to Appear *Pro Hac Vice*

4

**EXHIBIT 1**

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

SUMMONS                    ALIAS - SUMMONS                    (Rev.12/3/01) CCG 0001

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ DIVISION

(Name all parties)

AIL FINANCIAL, LLC, an Illinois limited liability company                    Plaintiff

No. 08 M3 2241

v.

Tri-City Auto Salvage, Inc., a North Carolina corporation and Michael P. Guarglia, an individual

PLEASE SERVE
Michael P Guarglia, President and Individually
384B Burlington Road
Greensboro, NC 27405

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

❑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

❑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

❑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

❑ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 55014
Name: John A Benson Jr
Atty. for: Plaintiff
Address: 2970 Maria Ave, Suite 207
City/State/Zip: Northbrook IL 60062
Telephone: 847-562-1636

WITNESS, _____

DOROTHY BROWN  JUN 1 8 2008

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, THIRD DISTRICT

AEL FINANCIAL LLC, an Illinois limited liability §
company, §
 §
      Plaintiff, §    Case No **08M3 2241**
 §
    vs. §
 §
TRI-CITY AUTO SALVAGE, INC., a North §
Carolina corporation and MICHAEL P. §
GUARGLIA, an individual §
 §
      Defendant. §

### VERIFIED COMPLAINT AT LAW

NOW COMES the Plaintiff, AEL FINANCIAL, LLC, an Illinois limited liability

company (hereinafter referred to as "AEL"), by and through its attorneys, BRIAN IRA

TANENBAUM and JOHN A. BENSON, JR., of The Law Offices of Brian Ira Tanenbaum, Ltd.,

and as for its Verified Complaint against Defendants, TRI-CITY AUTO SALVAGE, INC.,

("Tri-City") a North Carolina corporation, and MICHAEL P. GUARGLIA, ("Guarglia" or the

"Guarantor") an individual, (collectively, the "Defendants") states as follows:

### NATURE OF ACTION

1.    This is an action for breach of contract and personal guaranty. Defendants have

failed to honor certain obligations under a June 27, 2006 Lease Agreement (the "Equipment

Lease") and accompanying guaranty (the "Guaranty") with AEL and are therefore in breach

thereof. As such, AEL seeks monetary damages from the Defendants.

## BACKGROUND

2.     AEL is an Illinois limited liability company with its principal place of business located at 600 North Buffalo Grove Road, Buffalo Grove, Illinois, 60089.  AEL is engaged primarily in the business of leasing certain industrial and commercial equipment to various businesses.

3.     Upon information and belief, Tri-City is a North Carolina corporation with its principal office located at 3848 Burlington Road, Greensboro, North Carolina 27405.

4.     Upon information and belief, Guarglia is a citizen of the state of North Carolina and serves as President of Tri-City.

5.     On or about June 27, 2006, AEL, ("Lessor"), entered into an Equipment Lease with Tri-City ("Lessee"), pursuant to which Tri-City leased certain equipment ("Equipment") more fully described in the Equipment Lease.  A true and correct copy of the Equipment Lease is attached hereto as Exhibit A and is fully incorporated herein.

6.     Pursuant to the terms and conditions of the Equipment Lease, Tri-City was obligated, among other things, to make monthly lease payments in an amount equal to One Thousand Eight Hundred Forty-Five Dollars and 88/100 ($1,845.88) to AEL for the sixty (60) month period immediately following the commencement of Tri-City's obligations to make lease payments under the Equipment Lease, which was on July 10, 2008, the date Lessee accepted delivery of the Equipment.

7.     Since approximately November 2007, Tri-City has failed to make its required monthly lease payments due AEL under the Equipment Lease.

8.     Contemporaneously with the execution by AEL and Tri-City of the Equipment Lease and in connection therewith, the Guarantor executed a certain "Guaranty".  See Exhibit A.

2

Pursuant to the Guaranty, the Guarantor guaranteed Tri-City's performance of the obligations under the Equipment Lease. The Guaranty is a guaranty of payment and not of collection.

9.    That demand for complete satisfaction of Defendants' obligations under the Equipment Lease and Guaranty have been made by AEL upon Tri-City and the Guarantor pursuant to a certain letter dated April 22, 2008. A true and correct copy of the letter is attached hereto as Exhibit B and is fully incorporated by reference herein.

10.    AEL has performed all of its duties and obligations under the Equipment Lease and Guaranty required of it to be performed.

### PARTIES AND JURISDICTION

11.    AEL is an Illinois limited liability company.

12.    Upon information and belief, Tri-City is a North Carolina corporation.

13.    Upon information and belief, Guarantor is a resident and citizen of the state of North Carolina.

14.    Jurisdiction and venue are proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, as the Defendants to this action, Tri-City and Guarantor, are nonresidents of the state of Illinois, this action may be commenced in any county of Illinois. In addition, according to the terms and conditions of the Equipment Lease and Guaranty, Tri-City and Guarantor agreed that the Equipment Lease and Guaranty would be governed by the laws of the state of Illinois and consented to the jurisdiction of any state court located within Illinois (see Section 21 of the Equipment Lease).

3

## COUNT 1
## BREACH OF CONTRACT-
## EQUIPMENT LEASE

15.     AEL repeats and reiterates each and every allegation contained in Paragraphs 1

through 14, inclusive, and adopts the same as though fully set forth herein.

16.     The Equipment Lease between AEL and Tri-City is a valid and enforceable

contract.

15.     AEL has performed all of its obligations under the Equipment Lease.

16.     Tri-City has materially breached the Equipment Lease by failing to make the

required monthly lease payments to AEL since November 2007.

17.     AEL has suffered damages by the loss of use of monies AEL paid for the

Equipment.

18.     That pursuant to the Equipment Lease, AEL is entitled to and has accelerated all

lease sums for the remainder of the term of the Equipment Lease, and AEL is entitled to recover

additional late charges and attorneys' fees accruing up to and incurred subsequent to November,

2007.

19.     As of May 29, 2008, the accelerated balance due and owing AEL under the

Equipment Lease is Seventy-Two Thousand Nine Hundred Sixty-Six Dollars and 52/100

($72,966.52), exclusive of legal fees and costs.

20.     That pursuant to the Equipment Lease, AEL is entitled to recover its reasonable

attorneys' fees and expenses in connection with the prosecution of this action (see Section 15 of

the Equipment Lease).

4

WHEREFORE, Plaintiff, AEL FINANCIAL LLC, an Illinois limited liability company, respectfully requests that a money judgment be entered against TRI-CITY AUTO SALVAGE., a North Carolina corporation, in favor of Plaintiff, in an amount of Seventy-Two Thousand Nine Hundred Sixty-Six Dollars and 52/100 ($72,966.52), plus interest, additional attorneys' fees, court costs, such other relief as the Court may deem appropriate.

## COUNT II
## BREACH OF GUARANTY

21.     AEL repeats and reiterates each and every allegation contained in Paragraphs 1 through 20, inclusive, and adopts the same as though fully set forth herein.

22.     AEL would not have entered into the Equipment Lease without the guarantee of the Guarantor with respect to Tri-City's obligations under the Equipment Lease.

23.     As President of Tri-City, Guarantor benefited from the Equipment Lease and the ability of Tri-City to use the Equipment.

24.     Pursuant to the Guaranty, the Guarantor is liable for the full satisfaction of Tri-City's obligations under the Equipment Lease.

25.     Tri-City has failed to make any monthly payment since November 2007, and as a result, there is, as of May 29, 2008, a balance due and owing from Tri-City, to AEL, the sum of Seventy-Two Thousand Nine Hundred Sixty-Six Dollars and 52/100 ($72,966.52), exclusive of legal fees and costs.

26.     That demand for complete satisfaction of the Obligations has been made by AEL upon Guarantor pursuant to a certain letter dated April 22, 2008.  A copy of the letter is attached hereto and made a part hereof as Exhibit B.

5

27.    That pursuant to the Equipment Lease, AEL is entitled to additional late charges and attorneys' fees accruing up to and incurred subsequent to May 29, 2008.

WHEREFORE, Plaintiff, AEL FINANCIAL LLC, an Illinois limited liability company, respectfully requests a money judgment against Defendant, MICHAEL P. GUARGLIA, an individual, equal to the balance due and owing from Tri City Auto Salvage, Inc. to AEL, of the sum of Seventy-Two Thousand Nine Hundred Sixty-Six Dollars and 52/100 ($72,966.52), plus interest, late charges and additional attorneys' fees, court costs and such other relief as the Court may deem appropriate.

Respectfully submitted,

AEL FINANCIAL, LLC, an Illinois limited liability company

By: _____
        One of its Attorneys

Brian Ira Tanenbaum, Esq.
John A. Benson, Jr., Esq.
The Law Offices of Brian Ira Tanenbaum, Ltd.
2970 Maria Avenue Suite 207
Northbrook, Illinois 60062
Office: 847-562-1636
Facsimile: 847-562-1637
Attorney No. 55014

6

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, THIRD DISTRICT

| | | |
|---|---|---|
| AEL FINANCIAL LLC, an Illinois limited liability company, | § § § | |
| Plaintiff, | § § | Case No. |
| vs. | § § | |
| TRI-CITY AUTO SALVAGE, INC., a North Carolina corporation and MICHAEL P. GUARGLIA, an individual | § § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| STATE OF ILLINOIS | § § | SS. |
| COUNTY OF COOK | § | |

### VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned, Manager of Plaintiff, hereby certifies that the statements set forth in this Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to those matters, the undersigned certifies that he believes the same to be true.

James G. Bailey, Manager

SUBSCRIBED AND SWORN to
before me this _17th_ day of
_June_, 2008

NOTARY PUBLIC

OFFICIAL SEAL
IRINA TSYRKINA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/21/12

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, THIRD DISTRICT

| | | |
|---|---|---|
| AEL FINANCIAL LLC, an Illinois limited liability company, | § § § | |
| Plaintiff, | § § | Case No. |
| vs. | § § | |
| TRI-CITY AUTO SALVAGE, INC., a North Carolina corporation and MICHAEL P. GUARGLIA, an individual | § § § § | |
| Defendant. | § § | |

### RULE 222 AFFIDAVIT

Pursuant to Supreme Court Rule 222, AEL Financial LLC, an Illinois limited liability company, seeks money damages in excess of $50,000.00.

_____

John A. Benson, Jr.
Attorney for Plaintiff, AEL Financial LLC

# EXHIBIT A

# Capital 4 Financial Services Rental Agreement, a program of ABL Financial, LLC

| | |
|---|---|
| Your Legal Name: Tri-City Auto Salvage, Inc. | Phone Number: 336-375-5871 |
| Billing Address: 3848 Burlington Road, Greensboro, NC 27405 | Purchase Order No. |
| Equipment Location (If not listed as above) | Company Officer: Michael P. Guarglia |

| | |
|---|---|
| Equipment Description | 25ea. NBX Phone 3102 Business & Warranty (Requires 3C10), 1ea. NBX Card T1/PRI (Digital Line Card), 1ea. NBX Chassis V5000 (Adds 4 Slots), 1ea. NBX Processor/Chassis V3000, 1ea. Switch Baseline 2226-PWR Plus, 2ea. NBX Phone Power Supply 120/60-24 VDC, 10ea. NBX License-Phone, Group 2 |

| Number of Rental Payments | Rental Payment (PLUS) Applicable Sales Tax | Applicable (EQUALS) Tax | Your Total Rental Payment | Term of Rental in Months |
|---|---|---|---|---|
| 60 | $1,725.12 | $120.76 | $1,845.88 | Payment Frequency: Monthly Quarterly Other |
| | $ | $ | $ | Security Deposit (PLUS): $0.00 | First Period Payment (PLUS): $1,845.88 | Other (EQUALS): $0.00 | Due Fee (EQUALS): $100.00 | Total Payment Enclosed: $1,945.88 |

## TERMS AND CONDITIONS

1. **Rental Agreement.** You (the "Customer") agree to rent from us (the "Owner") the Equipment listed above and on any schedule attached to this Rental Agreement. You authorize us to adjust the Rental Payments by up to 15% if the cost of the Equipment it delivered to us differs from the supplier's estimate. This Rental Agreement starts on the day the Equipment is delivered to you and the Equipment will be deemed irrevocably accepted by you upon our verbal confirmation of delivery and acceptance of the Equipment. The Rental Payments will begin on the first business day after the Equipment is delivered to you. The Rental Payments will be due on that day of the month following the date the Equipment is delivered to you and shall continue thereafter to be paid on the same day of each subsequent month or that extended period and for the time period specified on this Rental Agreement. Charges from the date of delivery of the Equipment to the date the Rental Payments begin shall be computed by prorating the Rental Payment in a daily rate based on a 30 day month. Your Rental obligations are absolute, unconditional, and are not subject to cancellation, reduction, setoff or counterclaim. You agree to pay a non-reasonable fee of $150.00, and if the Equipment is located in more than one location, an additional $10.00 documentation fee for each additional location. Security deposits will be applied to any default. If you are not in default we will return the security deposit to you when this Rental Agreement is terminated. When a Rental Payment is not made when due, you agree to pay us a late charge of 5% the amount of the Rental Payment that is made, whichever is greater. We may charge you a fee of $25.00 for any check that is returned. **YOU ACKNOWLEDGE THAT NO ONE IS AUTHORIZED TO WAIVE OR CHANGE ANY TERM, PROVISION OR CONDITION OF THIS RENTAL AGREEMENT.**

2. **Title.** We have title to the Equipment. If this Rental Agreement is deemed to be a security agreement, you grant us security interest in the Equipment and the proceeds thereof. You authorize us to sign and file financing statements on your behalf.

7. **Equipment Use, Maintenance and Warranties.** We are renting the Equipment to you "AS IS AND WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE." We transfer to you any manufacturer warranties provided to us. You are required at your cost to keep the Equipment in good working condition and to pay for all supplies and repairs. If the Rental Payments include the cost of maintenance and/or service provided by a third party, you agree that we are not responsible to provide the maintenance or service and you will make all claims related to maintenance and service to the third party. You agree that any claims related to maintenance or service will not impact your obligation to pay all Rental Payments when due.

8. **Assignment.** You agree not to transfer, sell, sublease, assign, pledge or encumber either the Equipment or any rights under this Rental Agreement without prior written consent. You agree that we may sell, assign or transfer this Rental Agreement and the new owner will have the same rights and benefits we now have and will not have to perform any of our obligations and the rights of the new owner will not be subject to any claims, defenses or setoffs that you may have against us or your supplier.

9. **Risk of Loss and Insurance.** You are responsible for all risks of loss or damage to the Equipment and if any loss occurs you are required to satisfy all of your Rental Agreement obligation. You will keep the Equipment insured against all risks of loss or damage for an amount equal to its replacement cost. You will list us as the sole loss payee of the insurance and provide us written proof of insurance. If you do not provide such insurance, you agree that we have the right, but not the obligation to obtain such insurance, and add an insurance fee to the amount

due from you on which we make a profit. We are not responsible for any losses or injuries due from you on which we make a profit. We are not responsible for any losses or injuries caused by the Equipment and you will reimburse us and defend us against any such claims. This indemnity will continue after the termination of this Rental Agreement. You will obtain and maintain comprehensive public liability insurance naming us as an additional insured with coverage and amounts acceptable to us.

6. **Taxes.** You agree to pay when due, either directly or as reimbursements to us, all taxes (i.e. sales, use and personal property) and all other charges you pay in connection with ownership and use of the Equipment. We may charge you as a processing fee for administering property tax filings. You will indemnify us on an after-tax basis against the loss of any tax benefits anticipated at the Commencement Date arising out of your use or ownership.

3. **End of Rental Agreement.** You will give us at least 90 days but no more than 150 days written notice (to our address below) before the expiration of the initial rental term for any return of items if your intention to return the Equipment. You will return the Equipment to us at your cost. If you fail to give us such notice, or having given us such notice we fail to receive the Equipment from you, this Rental Agreement will automatically renew at the same Rental Payment (if any) you fail to pay a consent for a month's period with a Rental Payment paid to the selling vendor.

4. **Default and Remedies.** You are in default on this Rental Agreement if: a) you do not pay a Rental Payment or any other amount when due, or b) you breach any other obligation under this Rental Agreement or any other Rental Agreement with us. If you are in default, we may at our option declare the entire balance of unpaid Rental Payments for the full Rental Agreement term immediately due and payable to us; b) you may recover the end amount due on the Rental Agreement plus the Equipment's anticipated value at the end of default at the end of the "Residual" with future Rental Payments and the Residual discounted to the date of default at the (enter of 0) per annum rate equivalent to that of U.S. Treasury constant maturity obligation (as reported by the U.S. Treasury Department) that would have a repayment term equal to the remaining Rental Agreement term, all at reasonably determined by us, or (ii) 5%, plus reasonable collection and legal costs; c) charge you interest on all monies due at a rate of 1½% per year of the highest rate permitted by law from the date of default; d) require that you immediately return the Equipment to us or we may peaceably repossess it. Any return or repossession will not be considered a termination or cancellation of this Rental Agreement. If the Equipment is returned or repossessed we will sell or re-rent the Equipment at such time as we determine, at one or more public or private sales, with or without notice to you, and apply the net proceeds (after deducting any related expenses) to your obligations. You remain liable for any deficiency with any excess being retained by us.

5. **Miscellaneous.** You agree this Rental Agreement is a "Finance Lease" as defined in Article 2A of the Uniform Commercial Code ("UCC"). You acknowledge we have given you the name of the Equipment supplier, agree that you may have rights under this contract with the supplier of the Equipment and may contact the supplier for a description of those rights. This Rental Agreement was made and any contract that supplier for a description of those rights. This Rental Agreement was made in Illinois (IL), is to be performed in IL and shall be governed and construed in accordance the laws of IL. You consent to the non-exclusive personal jurisdiction in any state of federal court in IL and waive a trial by jury. You agree to waive any and all rights and remedies granted to you under Sections 2A-508 through 2A-522 of the UCC. You agree that the Equipment shall in your name Sections 2A-508 through 2A-522 of the UCC. You agree that the Equipment shall in your name Section is located and not for personal, family or household use. We may only to rent the business purposes and not for personal, family or household use. We may only to rent the business purposes and not for personal, family or household use. We may inspect the Equipment during the Rental Agreement term. You agree that a facsimile copy of this Rental Agreement with facsimile signatures may be treated as an original and will to admissible as evidence of this Rental Agreement.

| | |
|---|---|
| The Equipment has been established under this agreement. | I unconditionally and irrevocably guaranty payment of all the Customer's obligations. The Owner is not required to proceed against the Customer or the Equipment or enforce any other remedy before proceeding against me. I waive notice of acceptance and all other notices or demands of any kind to which I may be entitled. I consent to any extensions or modifications granted to the Customer and the waiver of any default. I agree that if any of my obligations of the Customer or any other guarantors without affecting my obligation any of my obligations of the Customer or any other guarantors without affecting my obligation to that this guaranty is a continuing one and it will remain in effect in the event of my death and may be enforced by the heirs of any assignee or associate of the Owner. This guaranty is governed by and enforced in accordance with the laws of the State of Illinois and I consent to non-exclusive jurisdiction in accordance with the Laws of Illinois and waive trial by jury. |
| The Equipment is: [signature] Value $____ Date June 27, 2006 | Guaranty Signature: [signature] Date 7-10-06 |
| Signature: [signature] | Print Name: Michael P. Guarglia |
| Title: President | |
| Print Name: Michael P. Guarglia | The Equipment has been received, put in use, is in good working order and is satisfactory and acceptable |
| Full Legal Name: | Signature: [signature] Date 7-10-06 |
| ABL Financial, LLC | Print Name: Michael P. Guarglia Title: President |
| 600 North Buffalo Grove Road, Buffalo Grove, IL 60089 | |
| Phone: 847-465-9700  Fax: 847-276-0150 | |
| Rental Agreement Commencement Date: 1/11/06 | Rental Agreement Number: 32582 |
| Accepted By: [signature] | |

**3. LATE CHARGES/DOCUMENTATION FEES:** If a Rental Payment is not made when due, YOU will pay US a late charge of 5% of the payment or $10.00, whichever is greater, but only to the extent permitted by law. You agree to pay US a fee of $29.95, plus 1½% of any amount (1%) of the original Equipment cost in excess of $50,000, to reimburse OUR expenses for preparing financing statements, other documentation costs and all ongoing administration costs during the term of the Rental Agreement.

**4. DELIVERY AND ACCEPTANCE:** YOU are responsible, at YOUR own cost, to arrange for the delivery and installation of the Equipment (unless such costs are included in the cost of the Equipment to US). If requested, YOU will sign a separate Equipment delivery and acceptance certificate. WE may at OUR discretion confirm by telephone that YOU have accepted the Equipment and this telephone verification of YOUR acceptance of the Equipment shall have the same effect as a signed delivery and acceptance certificate.

**5. USE, MAINTENANCE, REPAIR, SUPPLIES AND WARRANTIES:** YOU have selected the Equipment and the supplier from whom YOU agree to purchase the Equipment at YOUR request. WE are not the manufacturer of the Equipment and WE are renting the Equipment to YOU "AS-IS". WE MAKE NO WARRANTIES CONCERNING THE EQUIPMENT, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. WE transfer to YOU for the term of this Rental Agreement all warranties, if any, made by the manufacturer.

YOU ALSO ACKNOWLEDGE THAT NO ONE IS AUTHORIZED TO WAIVE OR CHANGE ANY TERM, PROVISION OR CONDITION OF THIS RENTAL AGREEMENT AND EXCEPT FOR THE MANUFACTURER WARRANTIES, MAKE ANY REPRESENTATION OR WARRANY ABOUT THIS RENTAL AGREEMENT OR THE EQUIPMENT. WE SHALL NOT BE LIABLE FOR ANY DELAYS IN MAKING DELIVERIES OR REPAIRS NOR IN ANY EVENT FOR SPECIAL, RESULTING OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT OCCASIONED BY ANY BREACH OF WARRANTY OR REPRESENTATION OR RESULTING FROM THE USE OR PERFORMANCE OF THE EQUIPMENT. YOUR OBLIGATION TO PAY IN FULL, ANY AMOUNT DUE UNDER THIS RENTAL AGREEMENT WILL NOT BE AFFECTED BY ANY DISPUTE, CLAIM, COUNTERCLAIM, DEFENSE OR OTHER RIGHT WHICH YOU MAY HAVE OR ASSERT AGAINST THE SUPPLIER OR THE EQUIPMENT MANUFACTURER.

**6. TERM, PERSONAL PROPERTY, LOCATION AND INSPECTION:** WE will have title to the Equipment. If the Rental is deemed to be a security agreement, YOU grant US a security interest in the Equipment and all proceeds thereof. YOU have this right to use the Equipment for the full Rental Agreement term provided YOU comply with the terms and conditions of this Rental Agreement. Although the Equipment may become attached to real estate, it remains personal property and YOU agree not to permit a lien to be placed upon the Equipment or to remove the Equipment without OUR prior consent. If WE feel it is necessary, YOU agree to provide US with waivers of interest or liens, from anyone claiming any interest in the real estate on which any item of Equipment is located. WE also have the right, at reasonable times, to inspect the Equipment.

**7. MAINTENANCE:** YOU are required, at your own cost and expense to keep the Equipment in good repair, condition and working order, except for ordinary wear and tear, and YOU will supply all parts and servicing required. All replacement parts used or installed and repairs made to the Equipment will become OUR property. YOU may, with OUR prior written consent, make modifications to the Equipment, provided such modifications do not reduce the value or usefulness of the Equipment or result in the loss of any warranty or any certification necessary of the maintenance of the Equipment and such modifications must be easily removable without causing damage to the Equipment. Before returning the Equipment, YOU agree to remove such modifications and restore the equipment to its original condition. If YOU fail to remove such modification, WE are deemed the owner of such modifications.

IF THE RENTAL PAYMENTS INCLUDE THE COST OF MAINTENANCE AND/OR SERVICE BEING PROVIDED BY THE SUPPLIER AND/OR THIS MANUFACTURER, YOU ACKNOWLEDGE THAT WE ARE NOT RESPONSIBLE FOR PROVIDING ANY REQUIRED MAINTENANCE AND/OR SERVICE FOR THE EQUIPMENT. YOU WILL MAKE ALL CLAIMS FOR SERVICE AND/OR MAINTENANCE SOLELY TO THE SUPPLIER AND/OR MANUFACTURER AND SUCH CLAIMS WILL NOT AFFECT YOUR OBLIGATION TO MAKE ALL REQUIRED RENTAL PAYMENTS.

**8. ASSIGNMENT:** YOU AGREE NOT TO TRANSFER, SELL, RENT, ASSIGN, PLEDGE OR ENCUMBER EITHER THE EQUIPMENT OR ANY RIGHTS UNDER THIS RENTAL AGREEMENT WITHOUT OUR PRIOR WRITTEN CONSENT. YOU agree that WE may sell, assign or transfer this Rental Agreement and if WE do, the new owner will have the same rights and benefits that WE now have and will not have to perform any of OUR obligations and that the rights of the new owner will not be subject to any claims, defenses, or set-offs that YOU may have against US. Any such assignment, sale or transfer of this Rental Agreement or the Equipment will not relieve US of OUR obligations to YOU under this Rental Agreement.

**9. REDELIVERY AND RENEWAL:** At the end of the rental term, you shall return the Equipment in good working condition at your cost to the selling vendor. If you fail to return the Equipment as provided herein, this Rental Agreement will automatically renew at the same Rental Payment amount for consecutive 60-day periods with Rental Payments paid to the vendor.

**10. LOSS OR DAMAGE:** YOU are responsible for the risk of loss or destruction or, or damage to the Equipment. No such loss or damage relieves YOU from any obligation under this Rental Agreement. YOU agree to promptly notify US in writing of any loss or destruction or damage to the Equipment and YOU will, at OUR option, a) repair the Equipment to good condition and working order, b) replace the Equipment with like equipment in good repair, condition and working order, acceptable to US and transfer clear title to such replacement equipment to US, such equipment shall be subject to this Rental Agreement and be deemed the Equipment, or c) pay to US the present value of the total of all unpaid Rental Payment for the full Rental Agreement term plus the estimated fair market value of the Equipment at the end of the originally scheduled Rental Agreement term (the "Residual"), with accelerated Rental Payments and the Residual discounted at the lesser of (a) a per annum interest rate equivalent to that of a U.S. Treasury constant maturity obligation (as reported by the U.S. Treasury Department) that would have a repayment term equal to the remaining Rental Agreement term, all as reasonably determined by US, of (b) 3% per annum (the "Present Value Rate"), whereupon this Rental Agreement shall terminate. All proceeds of insurance received by US as a result of such loss or damage will be applied, where applicable, toward the replacement or repair of the Equipment or the payment of YOUR obligations.

**11. INDEMNITY:** WE are not responsible for any losses or injuries caused by the installation or use of the Equipment. YOU agree to reimburse US for and to defend US against any claim for losses or injuries caused by the Equipment. This indemnity will continue even after the termination of this Rental Agreement.

**12. TAXES:** YOU agree to pay all license and registration fees, sale and use taxes, personal property taxes and all other taxes and charges, relating to the ownership, rental, sale, purchase, possession or use of the Equipment as part of the Rental Payment or as billed by US. YOU agree that if WE pay any taxes or charges on YOUR behalf, YOU will reimburse US for all such payments with the next Rental Payment, plus a fee for OUR collection and administering any taxes, assessments or fees and remitting them to the appropriate authorities. YOU will indemnify US on an after-tax basis against the loss of any tax benefit anticipated in the Commencement Date arising out of YOUR acts or omissions.

**13. INSURANCE:** During the term of this Rental Agreement, YOU will keep the Equipment insured against all risks of loss or damage in an amount not less than the replacement cost of the Equipment, without deductible and without co-insurance. YOU will also obtain and maintain for the term of this Rental Agreement, comprehensive public liability insurance covering both personal injury and property damage of at least $100,000 per accident and $300,000 per occurrence for bodily injury and $50,000 for property damage. WE will be the sole named loss payee on the property insurance and named as additional insured on the public liability insurance. YOU will pay all premiums for such insurance and must deliver proof of insurance coverage satisfactory to US. If YOU do not provide such insurance, YOU agree that WE have the right, but not the obligation, to obtain such insurance and add its insurance fee to the amount due from YOU, on which WE make a profit.

**14. DEFAULT:** YOU are in default of this Rental Agreement in any of the following occurs: a) YOU fail to pay any Rental Payment or other sum when due; b) YOU breach any warranty or other obligation under this Rental Agreement, or any other agreement with US; c) YOU, any partner or any guarantor dies, YOU

---

become insolvent or unable to pay your debts when due; YOU stop doing business as a going concern; YOU merge, consolidate, transfer all or substantially all of YOUR assets; YOU make an assignment for the benefit of creditors or YOU undergo a substantial deterioration in YOUR financial condition; or d) YOU, any guarantor or any partner, voluntarily file, or have filed against YOU or it involuntarily, a petition for liquidation, reorganization, adjustment of debt or similar relief under the Federal Bankruptcy Code or any other present or future federal or state bankruptcy or insolvency law, or trustee, receiver or liquidator will be appointed for it or a substantial part of its assets.

**15. REMEDIES:** WE have the following remedies if a default should occur: a)Upon written notice, declare the entire balance of the unpaid Rental Payments for the full term immediately due and payable, sue for and receive all Rental Payments and any other payments then accrued or accelerated under this Rental Agreement or any other agreement plus the Residual, with all accelerated Rental Payments and Residual discounted to the date of the default at the Present Value Rate, but only to the extent permitted by law; b) Charge YOU interest on all monies due US at the rate of eighteen percent (18%) per year from the date of default until paid, but in no event more than the maximum rate permitted by law; c) Charge YOU a return-check or non-sufficient funds charge ("NSF Charge") to reimburse US for the time and expense incurred with respect to a check that is returned for any reason including non-sufficient or uncollected funds, such NSF Charge is stipulated and liquidated at $25.00; and d) Require that YOU return the Equipment to US and in the event YOU fail to return the Equipment, enter upon the premises peaceably with or without legal process where the Equipment is located and repossess the Equipment. Such return or repossession of the Equipment will not constitute a termination of the Rental Agreement unless WE expressly notify YOU in writing. In the event the Equipment is returned or repossessed by US and unless WE have terminated this Rental Agreement, WE will sell or re-rent the Equipment to any person with any terms we determine, at one or more public or private sales, with or without notice to YOU, and apply the net proceeds (deducting the costs and expenses of such sale or re-rent, to YOUR obligations with YOUR remaining rights for any deficiency and with any excess being retained by US. The credit for any excess to be received by US from any such sale or re-rent shall be discounted to the date of the agreement at six percent (6%) per year.

YOU are also required to pay (i) all expenses incurred by US in connection with the enforcement of any remedies, including all expenses of repossessing, storing, shipping, repairing and selling the Equipment, and (ii) reasonable attorney's fees.

YOU agree that any delay or failure to enforce OUR rights under this Rental Agreement does not prevent US from enforcing any rights at a later date.

**16. SECURITY DEPOSIT:** WE will retain any required security deposit to insure YOUR performance of YOUR obligations. Any security deposit is non-interest bearing. WE may apply any security deposit to cure any default by YOU, in which event YOU will promptly restore any amount so applied. If YOU are not in default, any security deposit will be returned to YOU at the termination of this Rental Agreement.

**17. WARRANTIES:** YOU warrant and represent that the Equipment will be used for business purposes, and not for personal, family or household purposes.

**18. UCC FILINGS AND FINANCIAL STATEMENTS:** YOU authorize US to file a financing statement with respect to the Equipment signed by US where permitted by the Uniform Commercial Code and grant US the right to sign such financing statement on YOUR behalf. The filing of financing statement is not to be construed as evidence that any security interest was intended to be created, but only to give public notice of OUR ownership of the Equipment. If this Rental Agreement is deemed at any time to be one intended as security then YOU grant US a security interest in the Equipment and the proceeds from the sale, rent or other disposition of the Equipment. If WE feel it is necessary, YOU agree to submit financial statements (audited if available) on a quarterly basis.

**19. NOTICE:** Written notices will be deemed to have been given when delivered personally or deposited in the United States mail, postage prepaid, addressed to the recipient at its address above or at any other address subsequently provided in writing.

**20. UCC-ARTICLE 2A PROVISIONS:** YOU agree that this Rental Agreement is a Finance Lease as that term is defined in Article 2A of the Uniform Commercial Code ("UCC"). YOU acknowledge that WE have given YOU the name of the Supplier of the Equipment. WE hereby notify YOU that YOU may have rights under the contract with the Supplier and YOU may contact the Supplier for a description of any rights or warranties that YOU may have under this supply contract. YOU also waive any and all rights and remedies granted YOU under Sections 2A-508 through 2A-522 of the UCC including, but not limited to, the right to repudiate the Rental Agreement and reject the Equipment; the right to cancel the Rental Agreement, the right to revoke acceptance of the Rental Agreement; the right to grant a security interest in the Equipment in YOUR possession and control for any reason; or the right to recover damages for any breach of warranty.

**21. CHOICE OF LAW:** This Rental Agreement was made in the State of Illinois (by US having countersigned it in Buffalo Grove, Illinois); and it is to be performed in the State of Illinois by reason of the Rental Payments YOU are required to pay US in Illinois. This Rental Agreement shall in respects be interpreted and all transactions subject to the Rental Agreement and all rights and liabilities of the parties under this Rental Agreement shall be determined and governed as to their validity, interpretation, enforcement and effect by the laws of the State of Illinois except for local filing requirements. YOU consent to and agree that non-exclusive personal jurisdiction over YOU and subject matter jurisdiction over the Equipment shall be with the Courts of the State of Illinois or the Federal District Court for the Northwestern District of Illinois and OUR option with respect to any provisions of this Rental Agreement. YOU ALSO AGREE TO WAIVE YOUR RIGHT TO A TRIAL BY JURY.

**22. ENTIRE AGREEMENT; SEVERABILITY; WAIVERS; FACSIMILE:** This Rental Agreement contains YOUR and OUR entire agreement and understanding. No agreements or understandings are binding on the parties unless set forth in writing and signed by the parties. Any provision of this Rental Agreement held by any court to be held unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective without invalidating the remaining provisions of this Rental Agreement. YOU agree that a facsimile copy of this Rental Agreement with YOUR facsimile signature may be treated as an original and will be admissible as evidence of this Rental Agreement.

Initials 

To:     AEL Financial, LLC
        600 North Buffalo Grove Road
        Buffalo Grove, IL 60190

Gentlemen:

        I,_____Joe Guarglia, Sr._____ Vice President of Tri-City Auto Salvage, Inc  do hereby certify

that____Michael P. Guarglia,_____ is_____President_____

of said corporation, and as such, was, is, and will continue to be authorized and empowered to execute a

Rental Agreement between said corporation, and AEL Financial, LLC.

        IN WITNESS WHEREOF, I have affixed my name as Vice President of said corporation

and have caused the corporate seal of the corporation to be affixed hereto this 27th  day of June, 2006

                                    _____Joseph R Guarglia Sr.
                                    Vice President

SEAL



Capital 4, Inc.
1010 North San Jacinto
Houston, Texas 77002

Voice: (713) 225-5925
Fax: (713) 237-1118

| | | Invoice |
|---|---|---|
| | | Invoice Number: |
| | | AEL0031 |
| | | Invoice Date: |
| | | October 18, 2006 |

Sold To: AEL Financial
600 North Buffalo Grove Road
Buffalo Grove IL 60089

Ship To: Tri-City Auto Salvage Inc
3648 Burlington Road
Greensboro, NC 27405

| Customer ID | | Customer PO | | Payment Terms |
|---|---|---|---|---|
| AEL | | | | Net 10 Days |
| | | Capital 4 Work Order | Ship Date | Due Date |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 1 | | Tri-City Auto Salvage Inc Funding Amount | 60 000.00 | 60 000.00 |
| | | 60 Month Deferred Maintenance Fee Paid Monthly for 60 Months: $351 72 | | |
| 1 | | 1st Months Payment to Capital 4 Inc | (1,848 88) | (1 848 88) |
| 1 | | Documentation Fee | (100 00) | (100 00) |
| | | **TELEPHONE SYSTEM EQUIPMENT** | | |
| 1 | | 3Com Superstack 3 NBX V3000 Chassis | | |
| 1 | | 3Com Superstack 3 NBX V3000 Chassis | | |
| 7 | | 3Com NBX 3100 Entry SL Phone | | |
| 25 | | 3Com NBX 3102 Business Phone 10/100mb | | |
| 7 | | 3Com NBX Group 0 License | | |
| 40 | | 3Com NBX Group 2 License | | |
| 1 | | 3Com NBX Ploycom Device License | | |
| 2 | | Baseline Switch 2226-PWR Plus | | |
| 1 | | NBX Line Card - US Version | | |
| 1 | | Polycom Sound Station UP 3000, 3Com NBX | | |
| 4 | | 3Com NBX AA/VM Upgrade 1 Port | | |
| 1 | | 3Com 3101 Basic Phone 10/100mb | | |
| 1 | | 3Com NBX Group 1 Phone License | | |
| | | **NETWORK ACCESS EQUIPMENT** | | |
| 1 | 3C10432A | 3Com Mediant Gateway M1000 | | |
| 1 | 3C13701-US | 3Com Router Variable/ Ethernet Chassis 5012 | | |
| 1 | 3C13720 | 3Com Router SIC Fractional T1 1 Port | | |
| 1 | 3Com | 3Com Installation Programming &Training | | |

| | | |
|---|---|---|
| Subtotal | | 58,051.12 |
| Sales Tax | | |
| Total Invoice Amount | | 58,051.12 |
| Payment Received | | |
| **TOTAL** | | 58,051.12 |

# EXHIBIT B

# The Law Offices of Brian Ira Tanenbaum, Ltd.

*Integrating Law with Business*

April 22, 2008

VIA FEDERAL EXPRESS

Mr. Michael P. Guarglia, President and individually
Tri-City Auto Salvage, Inc.
3848 Burlington Road
Greensboro, NC 27405

Re:     Rental Agreement with Tri-City Auto Salvage, Inc.
        Our File No. 541740

Dear Mr. Guarglia,

We are counsel to AEL Financial, LLC ("AEL"). As you are aware, on or about July 10, 2006, as President of Tri-City Auto Salvage, Inc. ("Tri-City") you entered into a certain Rental Agreement and accompanying personal guaranty with our client.

According to our client, you have defaulted under the terms and conditions of the Rental Agreement and personal guaranty, by having failed to, among other things, make the monthly lease payments due AEL since approximately November 2007. By failing to make the required monthly lease payments to AEL, Tri-City and yourself, as personal guarantor, have both breached the unconditional obligation to pay AEL.

As you know, the monthly lease payments due under the Rental Agreement are $1,469.54. Thus, as of May 1, 2008, AEL is owed the sum of $10,286.78. In addition to the foregoing, you are responsible for the payment of AEL's legal fees and costs associated with said defaults.

Please be advised that unless you remit to the undersigned the sum of $10,286.78 in a check made payable to AEL Financial, LLC by no later than May 5, 2008, our client will accelerate all sums due under the Rental Agreement (and personal guaranty), without further notice, and will institute legal proceedings against Tri-City and yourself, personally, to recover all sums due thereunder, including AEL's cost of collection and attorneys' fees. For your information, upon acceleration, the balance due under the Rental Agreement (and the personal guaranty) will be approximately $65,301.00, exclusive of attorneys' fees and court costs.

e Law Offices of Brian Ira Tanenbaum

*Integrating Law with Business*

Mr. Michael P. Guarglia
April 22, 2008
Page 2


Please contact the undersigned immediately to discuss this matter further. We thank you in advance for your prompt attention to this matter.


Sincerely,


John A. Benson, Jr.




cc:    Mr. James G. Bailey, Mr. Robert Ragland and Mr. Rob Nicoll (via facsimile)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, THIRD DISTRICT

| | | |
|---|---|---|
| AEL FINANCIAL LLC, an Illinois limited liability company, | § § § | |
| Plaintiff, | § § | Case No. 08 M3 2241 |
| vs. | § § § | |
| TRI-CITY AUTO SALVAGE, INC., a North Carolina corporation and MICHAEL P. GUARGLIA, an individual | § § § § | |
| Defendant. | § | |

NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To:    Michael P. Guarglia, an individual

The enclosed summons and complaint are served pursuant to Section 5/2-213 of the Illinois Code of Civil Procedure. You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within thirty (30) days from the date on which the request is sent. You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association, or other entity, you must indicate under your signature to that entity. If you are served on behalf of another person, you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty (30) days, you (or the part on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law. If you complete and return this form, you (or the part on whose behalf you are being served) must answer the complaint within sixty (60) days from the date on which the request is sent. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on this 1st day of July 2008.

John A. Benson, Jr.
Attorney for Plaintiff

7-1-08
Dated

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at Glenn, Mills, Fisher and Mahoney, P.A., Suite 709, SouthBank Building, 400 West Main Street, Durham, North Carolina 27701 and I hereby accept service of process in the above-captioned matter on behalf of Michael P. Guarglia, an individual.

Print or Type Name:          Carlos E. Mahoney

Relationship:                Attorney for Michael P. Guarglia, an individual

_____          _____
Carlos E. Mahoney                  Dated   7-16-08

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, THIRD DISTRICT**

2008 JUL 24  AM 9: 21

DOROTHY BROWN
AEL FINANCIAL LLC, an Illinois limited liability CLERK OF THE CIRCUIT COURT
company,                                     OF COOK COUNTY, IL

|                                              |     |                    |
|----------------------------------------------|-----|--------------------|
| Plaintiff,                                   | §   | Case No. 08 M3 2241 |
|                                              | §   |                    |
| vs.                                          | §   |                    |
|                                              | §   |                    |
| TRI-CITY AUTO SALVAGE, INC., a North         | §   |                    |
| Carolina corporation and MICHAEL P.          | §   |                    |
| GUARGLIA, an individual                      | §   |                    |
|                                              | §   |                    |
| Defendant.                                   | §   |                    |

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To:   Tri-City Auto Salvage, Inc., a North Carolina corporation

The enclosed summons and complaint are served pursuant to Section 5/2-213 of the Illinois Code of Civil Procedure. You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within thirty (30) days from the date on which the request is sent. You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association, or other entity, you must indicate under your signature to that entity. If you are served on behalf of another person, you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty (30) days, you (or the part on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law. If you complete and return this form, you (or the part on whose behalf you are being served) must answer the complaint within sixty (60) days from the date on which the request is sent. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on this 1st day of July 2008.

_____        7-1-08
John A. Benson, Jr.                      _____
Attorney for Plaintiff                   Dated

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at Glenn, Mills, Fisher and Mahoney, P.A., Suite 709, SouthBank Building, 400 West Main Street, Durham, North Carolina 27701 and I hereby accept service of process in the above-captioned matter on behalf of Tri-City Auto Salvage, Inc., a North Carolina corporation.

Print or Type Name:      Carlos E. Mahoney

Relationship:      Attorney for Tri-City Auto Salvage, Inc., a North Carolina corporation

_Carlos E. Mahoney_
Carlos E. Mahoney

_7-16-08_
Dated

EXHIBIT
2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLNOIS
## MUNICIPAL DEPARTMENT, THIRD DISTRICT

| | | |
|---|---|---|
| AEL FINANCIAL LLC, an Illinois limited liability Company, | § § § | |
| | § | Case No. 08 M3 2241 |
| Plaintiff, | § § | |
| vs. | § § | |
| TRI-CITY AUTO SALVAGE, INC., a North Carolina corporation and MICHAEL P. GUARGLIA, an individual, | § § § § | |
| Defendants. | § § | |

### NOTICE OF FILING

PLEASE TAKE NOTICE that Defendants Tri-City Auto Salvage, Inc. and Michael P.

Guarglia have filed in the United States District Court for the Northern District of Illinois,

Eastern Division, a Notice of Removal pursuant to 28 U.S.C. § 1446. The Notice of Removal is

attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), the Third District Municipal Department for the Circuit

Court of Cook County, Illinois "shall proceed no further unless and until the case is remanded."

This the 1st day of August, 2008.

Robert S. Bell, Jr.
Attorney At Law
2200 West Higgins, Suite 155
Hoffman Estates, IL 60195
Telephone: (847) 519-0010
Fax: (847) 519-0016
rsbelljr@sbcglobal.net
Local Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AEL FINANCIAL LLC, an Illinois<br>limited liability company, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge: _____ |
| | ) | |
| TRI-CITY AUTO SALVAGE, INC., | ) | |
| a North Carolina corporation and | ) | |
| MICHAEL P. GUARGLIA, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

NOW COME Defendants Tri-City Auto Salvage, Inc. and Michael P. Guarglia, pursuant to 28 U.S.C. § 1446, and provide notice of removal to this Court of the civil action that is pending in the Third District Municipal Department of the Circuit Court of Cook County, Illinois and entitled *AEL Financial LLC, an Illinois limited liability company, vs. Tri-City Auto Salvage, Inc., a North Carolina corporation and Michael P. Guarglia, an individual, Case No. 08 M3 2241* (hereinafter referred to as the "State Court Action"). The amount in controversy in the State Court Action exceeds the sum of $75,000.00, exclusive of interest and costs, and is between an Illinois plaintiff and North Carolina defendants. Defendants have therefore removed the State Court Action on the grounds that this Court has original jurisdiction of the civil action under 28 U.S.C. § 1332(a)(1). Defendants have attached as Exhibit #1 the Summons, Verified Complaint at Law, and Notice and Acknowledgment of Receipt of Summons and Complaint from the State Court Action.

In support of the Notice of Removal, Defendants show as follows:

## BACKGROUND

1.    On June 18, 2008, Plaintiff filed a Verified Complaint at Law ("Complaint") against Defendants and had a Summons issued.

2.    On July 1, 2008, Plaintiff mailed the Summons and Complaint to Defendants.

3.    On July 16, 2008, Defendants executed an Acknowledgment of Receipt of the Summons and Complaint.

4.    Defendants have filed the Notice of Removal within thirty days following their receipt of the Complaint.

## AMOUNT IN CONTROVERSY

5.    In this action, Plaintiff seeks to enforce the terms of the Capital 4 Financial Services Rental Agreement that is attached to the Complaint as Exhibit A (hereinafter referred to as the "Agreement"). *Complaint* at ¶5.

6.    According to the Complaint and Agreement, Defendants were obligated to pay Plaintiff $1,845.88 per month for a 60-month period that began on August 1, 2006. *Complaint* at ¶6, Ex. A.

7.    Defendants have failed to make their monthly payments since November, 2007 and Plaintiff has therefore accelerated the balance due for the remaining 45 months.[1] *Complaint* at ¶¶7, 16, 18.

8.    Under the terms of the Agreement (if enforced by a court), Defendants owe Plaintiff $1,845.88 per month for 45 months, a sum totaling $83,064.60.[2]

---

[1]   The number of monthly payments that Defendants made between August 1, 2006 and October, 2007 is 15.

[2]   In the Complaint, Plaintiff alleges, without explanation, that the amount owed is $72,966.52, exclusive of legal fees, costs, and late charges. *Complaint* at ¶¶18-19, 25, 27. This allegation is not binding for the purpose of determining the amount in controversy. *See BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548 (7th Cir. 2002) (finding that the amount in controversy exceeded $75,000 even though the plaintiff alleged a claim for rent in the amount of $48,000).

9.    In addition to this amount, Plaintiff seeks late charges, attorney's fees, and damages for "loss of use of monies paid for the Equipment." *Complaint* at ¶¶17-18, 27, Ex. A.

10.    Under the Agreement, a late charge of 5% may be applied to any payment that is not made when due. The late charges in this case are likely to be $4,153.23 (83,064.60 x 5%).

11.    With regard to attorney's fees, it is reasonable to assume that Plaintiff has expended as much as $3,000.00 through the filing of the Complaint. *See Gardynski-Leschunk v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998) (observing that the amount of recoverable legal fees incurred through the commencement of litigation may be considered by the court in determining the amount in controversy).

12.    Finally, Plaintiff has alleged that it "has suffered damages by the loss of use of monies AEL paid for the Equipment." *Complaint* at ¶17. Although Plaintiff has not quantified those damages, this amount is likely to be at least $6,000.00, which is 10% of the $60,000.00 funding amount noted in Exhibit A to the Complaint.

13.    The amount in controversy thus exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY

14.    Plaintiff is an Illinois limited liability company with its principal place of business in Buffalo Grove, Illinois. *Complaint* at ¶2. Its members are all citizens of the State of Illinois.[3]

15.    Defendant Tri-City Auto Salvage, Inc. is a North Carolina corporation with its principal place of business in Greensboro, North Carolina. *Complaint* at ¶3.

16.    Defendant Michael P. Guarglia is a citizen and resident of North Carolina. *Complaint* at ¶4.

---

[3] Plaintiff made this allegation in paragraph 5 of the Complaint that it filed in *AEL Financial, LLC vs. City Auto Parts of Durham, Inc. d/b/a City Auto Salvage City, et al.*, Case No. 1:08-cv-0390 (N.D. Ill.).

3

17.    There is complete diversity of citizenship between Plaintiff and Defendants.

## ADDITIONAL MATTERS

18.    In accordance with 28 U.S.C. § 1446(a), the Eastern Division of the United States District Court for the Northern District of Illinois Eastern Division is the district and division within which the State Court Action is pending.

19.    A copy of the written notice required by 28 U.S.C. § 1446(d) addressed to Plaintiff and to the Clerk of Court for the Third District Municipal Department of the Circuit Court of Cook County, Illinois is attached hereto as Exhibit #2.  The notice will be promptly filed in the State Court Action and served upon Plaintiff's counsel.

WHEREFORE, Defendants respectfully request that this Court assume jurisdiction over this matter to the exclusion of any further proceedings in the state courts of Illinois.

This the 1st day of August, 2008.

Robert S. Bell, Jr.
Attorney At Law
2200 West Higgins, Suite 155
Hoffman Estates, IL 60195
Telephone: (847) 519-0010
Fax: (847) 519-0016
rsbelljr@sbcglobal.net
Local Counsel for Defendants

Carlos E. Mahoney
Glenn, Mills, Fisher & Mahoney, P.A.
P. O. Drawer 3865
Durham, North Carolina 27702-3865
Telephone: (919) 683-2135
Fax: (919) 688-9339
cmahoney@gmf-law.com
N.C. State Bar No. 26509
Counsel for Defendants
Pending Approval by the Court of Counsel's
Motion for Leave to Appear *Pro Hac Vice*

4