IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AEL FINANCIAL, LLC, an Illinois limited liability company<br><br>Plaintiff<br><br>v.<br><br>TRI-CITY AUTO SALVAGE, INC. a North Carolina corporation and Michael P. Guarglia, an individual<br><br><br><br>Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>CAPITAL 4, INC., a Texas corporation, ISHMAEL VILLA-LOBOS, P. DAVIS DAWSON, and METROPARK COMMUNICATIONS, INC., a Missouri corporation,<br><br>Third-Party Defendants. | Case No. 08 CV 4384<br><br>Judge: Kendall<br><br>Magistrate Judge: Mason |

**INITIAL STATUS REPORT**

NOW COME the Plaintiff, AEL FINANCIAL, LLC, an Illinois limited liability company ("AEL"), by and through its attorneys, Brian Ira Tanenbaum and John A. Benson, Jr., of The Law Offices of Brian Ira Tanenbaum, Ltd., and Defendants, Tri-City Auto Salvage, Inc., and Michael P. Guarglia ("Defendants"), by and through their attorneys, Carlos E. Mahoney of Glenn, Mills, Fisher and Mahoney, P.A. and Robert S. Bell, Jr., and hereby file the following Initial Status Report pursuant to Judge Kendall's standing order and in support state as follows:

1. The attorneys of record for AEL are Brian Ira Tanenbaum and John A. Benson, Jr. of The Law Offices of Brian Ira Tanenbaum Ltd., both of whom are expected to try the case. The attorneys of record for the Defendants are Carlos E. Mahoney of Glenn, Mills, Fisher and Mahoney, P.A. and Robert S. Bell, Jr., acting as local counsel for Defendants. Mr. Mahoney is expected to try the case.

2. Pursuant to Defendants' Notice of Removal, Defendants contend that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). Plaintiff is currently considering contesting the amount in controversy being in excess of $75,000.00 and therefore hereby reserves the right to file the appropriate Motion to Remand.

3. AEL brings a cause of action for breach of an equipment lease against Tri-City Auto Salvage, Inc., a North Carolina corporation and for breach of guaranty against Michael P. Guarglia. Defendants have filed a Counterclaim against Plaintiff and seek (1) rescission of the alleged contract on the grounds of mutual mistake of fact, unilateral mistake of fact, and/or fraud; (2) reformation of the alleged contract on the grounds of fraud; and, (3) monetary damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act. Defendants have filed a Third-Party Complaint against Third-Party Defendants Capital 4, Inc. ("Capital 4"), Ishmael Villa-Lobos, P. Davis Dawson, and Metropark Communications, Inc. ("Metropark") seeking (1) contractual indemnity from Capital 4 for Plaintiff's claims, (2) monetary damages from Capital 4 for violations of the Texas Deceptive Trade Practices-Consumer Protection Act, and (3) monetary damages from Metropark for negligent misrepresentation. Defendants also assert claims for civil conspiracy against Plaintiff and Capital 4 and seek to pierce the corporate

veil to hold Third-Party Defendants Villa-Lobos and Dawson liable for Capital 4's debts and wrongful conduct. As its response to Defendants' Counterclaims and Affirmative Defenses, Plaintiff intends to file a motion to dismiss the counterclaims and affirmative defenses filed by Defendants against AEL.

4.      This matter was originally filed by AEL with the Circuit Court of Cook County, Illinois, 3rd Municipal District as Case No. 08 M3 2241 (the "Illinois State Court Action"), The Defendants agreed to waive service of process of the Illinois State Court Action. As such, the Defendants have been served through their counsel accepting service and the Illinois State Court Waiver of Service of Process forms were filed with Defendants' Notice of Removal.

The Third-Party Complaint was filed on August 6, 2008. Third-Party Summonses were issued and Defendants are presently attempting to serve the Third-Party Defendants.

5.      The principal legal issues surrounding Plaintiff's claims are the enforceability of the equipment lease and guaranties entered into between AEL and the Defendants and the amount of monies due by Defendants to AEL thereunder.

In addition, Defendants' Counterclaim and Third-Party Complaint raise the following legal issues: (a) Whether Plaintiff's contract may be rescinded or reformed?   (b) If Plaintiff's contract is enforceable, whether Defendants are entitled to full indemnity from Capital 4? (c) Whether Plaintiff's conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act? (d) Whether Capital 4's conduct violated the Texas Deceptive Trade Practices-Consumer Protection Act? (e) Whether a civil conspiracy existed between Plaintiff and Capital 4? (f) Whether Capital 4's corporate veil can be pierced to hold Third-Party Defendants Villa-Lobos and Dawson liable for Capital 4's debts and misconduct? (g) Whether Metropark

negligently misrepresented to Defendants the terms of Plaintiff's alleged contract? Plaintiff denies all liability to Defendants.

6.  The principal factual issues in this matter deal largely with the enforceability of the equipment lease and guaranties entered into between AEL and the Defendants and the amount of monies due by Defendants to AEL thereunder.

Defendants contend that the principal factual issues include: (a) Plaintiff's involvement in Capital 4's 3Com Power of $Zero Program ("POZ Program"); (b) the course of dealings that preceded Defendants' execution of Capital 4's Power of $Zero Customer Agreement ("POZ Agreement") and Plaintiff's funding agreement; (c) the course of dealings that followed Defendants' execution of Capital 4's POZ Agreement and Plaintiff's funding agreement; (d) the business relationship that existed between Plaintiff, Capital 4, and Metropark concerning the POZ Program; and (e) the involvement of Third-Party Defendants Villa-Lobos and Dawson in the POZ Program and POZ Agreement.

Plaintiff contends that the lease agreement and guaranty that the Defendants executed exclusively governs the rights of Plaintiff and Defendants herein and that the POZ Program and the POZ Agreement, of which Plaintiff was not a party, is not relevant to any issues between Plaintiff and Defendants.

7.  A jury demand was requested by Defendants in its Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint. However, pursuant to the terms and conditions of the equipment lease and guaranty, which forms the basis of this lawsuit, Defendants expressly waived its rights to a trial by jury. As such, AEL objects to Defendants' jury demand.

8.  AEL has tendered the equipment lease documents and personal guaranties executed by the Defendants to Defendants' counsel. Discovery will be needed on the following

subjects: discovery regarding the execution of the equipment lease and guaranty and to the amount of damages sought under the equipment lease and personal guaranty executed by the Defendants and the matters raised in the Affirmative Defenses, Counterclaims and Third-Party Complaint filed by Defendants, in the event that any of these claims/defenses withstand Plaintiff's motion to dismiss..

No discovery has been conducted by the parties. Plaintiff and Defendants intend to serve one another with interrogatories, requests for production, requests for admission and requests for inspection, and, if necessary, on any other adverse party in this case. Plaintiff and Defendants also intend to take depositions upon oral examination of one another, and, if necessary, on any other adverse party, and any other witnesses disclosed in discovery.

9. The earliest date the parties will be ready for trial is September 7, 2009 and the length of trial is estimated by Plaintiff to be two (2) days and by Defendants to be 5 days.

10. The parties do not unanimously consent to proceed before a Magistrate Judge.

11. There have been no meaningful settlement negotiations and settlement appears unlikely at this time. AEL would be interested in scheduling a settlement conference in this case. Defendants do not request a settlement conference.

Dated: August 18, 2008

Respectfully submitted,

AEL FINANCIAL, LLC, an Illinois limited liability company

By: /s/ John A. Benson, Jr.
One of its Attorneys

Brian Ira Tanenbaum, Esq. (IL Bar No. 6181447)
John A. Benson, Jr., Esq. (IL Bar No. 6289042)
Attorneys for Plaintiff
The Law Offices of Brian Ira Tanenbaum, Ltd.
2970 Maria Avenue, Suite 207
Northbrook, IL 60062
Telephone: 847-562-1636
Facsimile: 847-562-1637

/s/ Carlos E. Mahoney
Carlos E. Mahoney
Glenn, Mills, Fisher & Mahoney, P.A.
P. O. Drawer 3865
Durham, North Carolina 27702-3865
Telephone: (919) 683-2135
Fax: (919) 688-9339
cmahoney@gmf-law.com
N.C. State Bar No. 26509
Counsel for Defendants, appearing *pro hac vice*

Robert S. Bell, Jr.
Law Offices of Cary J. Collins, P.C.
2200 West Higgins Road, Suite 155
Hoffman Estates, IL 60195
Telephone: (847) 519-0010
Fax: (847) 519-0016
rsbelljr@sbcglobal.net
Local Counsel for Defendants