**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **AEL FINANCIAL LLC, an Illinois limited liability company,** ) ) ) | |
| Plaintiff, ) ) | **Case No. 08CV4384** |
| v. ) ) | **Judge Kendall** |
| ) | **Magistrate Judge Mason** |
| **TRI-CITY AUTO SALVAGE, INC.,** a North Carolina corporation and **MICHAEL P. GUARGLIA, an individual,** ) ) ) ) ) | |
| Defendants/Third-Party Plaintiffs, ) ) | |
| v. ) ) | |
| **CAPITAL 4, INC., a Texas corporation, ISHMAEL VILLA-LOBOS, P. DAVIS DAWSON, and METROPARK COMMUNICATIONS, INC.,** a Missouri corporation, ) ) ) ) ) ) ) | |
| Third-Party Defendants. ) ) | |

**DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES**
(Jury Trial Demanded)

NOW COME Defendants Tri-City Auto Salvage, Inc. and Michael P. Guarglia, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, amending paragraph 26 of their Answer and Affirmative Defenses to Plaintiff's Verified Complaint at Law [DE 10, filed August 6, 2008] as a matter of course, and allege and say as follows:

## VERIFIED COMPLAINT AT LAW

NOW COMES the Plaintiff, AEL Financial, LLC, an Illinois limited liability company (hereinafter referred to as "AEL"), by and through its attorneys, BRIAN IRA TANENBAUM and JOHN A. BENSON, JR., of The Law Offices of Brian Ira Tanenbaum, Ltd., and as for its Verified Complaint against Defendants, TRI-CITY AUTO SALVAGE, INC., ("Tri-City") a North Carolina corporation, and MICHAEL P. GUARGLIA, ("Guarglia" or the "Guarantor") an individual, (collectively, the "Defendants") states as follows:

## NATURE OF ACTION

1. This is an action for breach of contract and personal guaranty. Defendants have failed to honor certain obligations under a June 27, 2006 Lease Agreement (the "Equipment Lease") and accompanying guaranty (the "Guaranty") with AEL and are therefore in breach thereof. As such, AEL seeks monetary damages from the Defendants.

**Answer:** **Defendants admit that Plaintiff has filed a civil action and seeks monetary damages. Defendants deny all remaining allegations in paragraph 1.**

## BACKGROUND

2. AEL is an Illinois limited liability company with its principal place of business located at 600 North Buffalo Grove Road, Buffalo Grove, Illinois 60089. AEL is engaged primarily in the business of leasing certain industrial and commercial equipment to various businesses.

**Answer:** **Defendants admit upon information and belief that Plaintiff is an Illinois limited liability company. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and these allegations are therefore denied.**

  3. Upon information and belief, Tri-City is a North Carolina corporation with its principal office at 3848 Burlington Road, Greensboro, North Carolina 27405.

**Answer:** **Admitted.**

  4. Upon information and belief, Guarglia is a citizen of the state of North Carolina and serves as President of Tri-City.

**Answer:** **Admitted.**

  5. On or about June 27, 2006, AEL, ("Lessor"), entered into an Equipment Lease with Tri-City ("Lessee"), pursuant to which Tri-City leased certain equipment ("Equipment") more fully described in the Equipment Lease. A true and correct copy of the Equipment Lease is attached hereto as Exhibit A and is fully incorporated herein.

**Answer:** **Denied. Defendants admit that on or about July 10, 2006, Tri-City Auto Salvage, Inc. ("Tri-City") executed a funding agreement in furtherance of its 3Com Power of $Zero Customer Agreement ("POZ Agreement") with Capital 4, Inc. ("Capital 4").**

  6. Pursuant to the terms and conditions of the Equipment Lease, Tri-City was obligated, among other things, to make monthly lease payments in an amount equal to One Thousand Eight Hundred Forty-Five Dollars and 88/100 ($1,845.88) to AEL for the sixty (60) month period immediately following the commencement of Tri-City's obligations to make lease payments under the Equipment Lease, which was on July 10, 2008, the date Lessee accepted delivery of the Equipment.

**Answer:** **Denied. Defendants admit that in November or December, 2006, Tri-City began receiving a monthly bill from Plaintiff and was instructed by Capital 4 and Metropark Communications, Inc. to send Plaintiff its $1,845.88 monthly payment for public access services (i.e. telephone and internet services) under the POZ Agreement. Tri-City began making these monthly payments once it received its free new 3Com telephone system in late December, 2006.**

3

7. Since approximately November 2007, Tri-City has failed to make its required monthly lease payments due AEL under the Equipment Lease.

**Answer:** **Defendants admit that Tri-City has not made any monthly payments since November, 2007 because its telephone and internet services, as specified in the POZ Agreement, were discontinued. Defendants deny all remaining allegations in paragraph 7.**

8. Contemporaneously with the execution by AEL and Tri-City of the Equipment Lease and in connection therewith, the Guarantor executed a certain "Guaranty." See Exhibit A. Pursuant to the Guaranty, the Guarantor guaranteed Tri-City's performance of the obligations under the Equipment Lease. The Guaranty is a guaranty of payment and not of collection.

**Answer:** **Denied. Defendants admit that on or about July 10, 2006, Michael P. Guarglia, President of Tri-City executed a funding agreement in furtherance of the POZ Agreement with Capital 4.**

9. That demand for complete satisfaction of Defendants' obligations under the Equipment Lease and Guaranty has been made by AEL upon Tri-City and the Guarantor pursuant to a certain letter dated April 22, 2008. A true and correct copy of the letter is attached hereto as Exhibit B and is fully incorporated by reference herein.

**Answer:** **Defendants admit that they received a letter dated April 22, 2008 from John A. Benson, Jr., counsel for Plaintiff. Defendants deny all remaining allegations in paragraph 9.**

10. AEL has performed all of its duties and obligations under the Equipment Lease and Guaranty required of it to be performed.

**Answer:** **Denied.**

## PARTIES AND JURISDICTION

11. AEL is an Illinois limited liability company.

**Answer:** **Admitted upon information and belief.**

4

12. Upon information and belief, Tri-City is a North Carolina corporation.

**Answer:**      **Admitted.**

13. Upon information and belief, Guarantor is a resident and citizen of the state of North Carolina.

**Answer:**      **Admitted.**

14. Jurisdiction and venue are proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, as the Defendant to this action, Tri-City and Guarantor, are nonresidents of the state of Illinois, this action may be commenced in any county of Illinois. In addition, according to the terms and conditions of the Equipment Lease and Guaranty, Tri-City and Guarantor agreed that the Equipment Lease and Guaranty would be governed by the laws of the state of Illinois and consented to the jurisdiction of any state court located within Illinois (see Section 21 of the Equipment Lease).

**Answer:**      **Denied.**

### COUNT 1
### BREACH OF CONTRACT -
### EQUIPMENT LEASE

15. AEL repeats and reiterates each and every allegation contained in Paragraphs 1 through 14, inclusive, and adopts the same as though fully set forth herein.

**Answer:**      **Defendants incorporate by reference their answers to Paragraphs 1 through 14.**

16. The Equipment Lease between AEL and Tri-City is a valid and enforceable contract.

**Answer:**      **Denied.**

**[The remaining paragraphs were incorrectly numbered in Plaintiff's Verified Complaint]**

5

15. AEL has performed all of its obligations under the Equipment Lease.

**Answer:** **Denied.**

16. Tri-City has materially breached the Equipment Lease by failing to make the required monthly lease payments to AEL since November 2007.

**Answer:** **Denied.**

17. AEL has suffered damages by the loss of use of monies AEL paid for the Equipment.

**Answer:** **Denied.**

18. That pursuant to the Equipment Lease, AEL is entitled to and has accelerated all lease sums for the remainder of the term of the Equipment Lease, and AEL is entitled to recover additional late charges and attorneys' fees accruing up to and incurred subsequent to November, 2007.

**Answer:** **Denied.**

19. As of May 29, 2008, the accelerated balance due and owing AEL under the Equipment Lease is Seventy-Two Thousand Nine Hundred Sixty-Six Dollars and 52/100 ($72,966.52), exclusive of legal fees and costs.

**Answer:** **Denied.**

20. That pursuant to the Equipment Lease, AEL is entitled to recover its reasonable attorneys' fees and expenses in connection with the prosecution of this action (see Section 15 of the Equipment Lease).

**Answer:** **Denied.**

WHEREFORE, Plaintiff, AEL FINANCIAL, LLC, an Illinois limited liability company, respectfully requests that a money judgment be entered against TRI-CITY AUTO SALVAGE., a North Carolina corporation, in favor of Plaintiff, in an amount of Seventy-Two Thousand Nine Hundred Sixty-Six Dollars and 52/100 ($72,966.52), plus interest, additional attorneys' fees, court costs, such other relief as the Court may deem appropriate.

**Answer:** **No answer is required.  If an answer is required, Defendants deny the allegations in this paragraph and deny all liability to Plaintiff.**

## COUNT II
## BREACH OF GUARANTY

21. AEL repeats and reiterates each and every allegation contained in Paragraphs 1 through 20, inclusive, and adopts the same as though fully set forth herein.

**Answer:** **Defendants incorporate by reference their answers to Paragraphs 1 through 16 and Paragraphs 15-20.**

22. AEL would not have entered into the Equipment Lease without the guarantee of the Guarantor with respect to Tri-City's obligations under the Equipment Lease.

**Answer:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and these allegations are therefore denied.**

23. As President of Tri-City, Guarantor benefited from the Equipment Lease and the ability of Tri-City to use the Equipment.

**Answer:** **Denied.**

24. Pursuant to the Guaranty, the Guarantor is liable for the full satisfaction of Tri-City's obligations under the Equipment Lease.

**Answer:** **Denied.**

7

25. Tri-City has failed to make any monthly payment since November 2007, and, as a result, there is, as of May 29, 2008, a balance due and owing from Tri-City, to AEL, the sum of Seventy-Two Thousand Nine Hundred Sixty-Six Dollars and 52/100 ($72,966.52), exclusive of legal fees and costs.

**Answer:** **Defendants admit that Tri-City has not made any monthly payments since November, 2007 because its telephone and internet services, as specified in the POZ Agreement, were discontinued. Defendants deny all remaining allegations in paragraph 25.**

26. That demand for complete satisfaction of the Obligations has been made by AEL upon Guarantor pursuant to a certain letter dated April 22, 2008. A copy of the letter is attached hereto and made a part hereof as Exhibit B.

**Answer:** **Defendants admit that they received a letter dated April 22, 2008 from John A. Benson, Jr., counsel for Plaintiff. Defendants deny all remaining allegations in paragraph 26.**

27. That pursuant to the Equipment Lease, AEL is entitled to additional late charges and attorneys' fees accruing up to and incurred subsequent to May 29, 2008.

**Answer:** **Denied.**

WHEREFORE, Plaintiff, AEL FINANCIAL LLC, an Illinois limited liability company, respectfully requests a money judgment against Defendant MICHAEL P. GUARGLIA, an individual, equal to the balance due and owing from Tri City Auto Salvage, Inc. to AEL, of the sum of Seventy-Two Thousand Nine Hundred Sixty-Six Dollars and 52/100 ($72,966.52), plus interest, late charges and additional attorneys' fees, court costs and such other relief as the Court may deem appropriate.

**Answer:** **No answer is required. If an answer is required, Defendants deny the allegations in this paragraph and deny all liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

NOW COME Defendants, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and hereby allege their affirmative defenses to the claims asserted in Plaintiff's Verified Complaint at Law.

## FIRST DEFENSE
## NO MEETING OF THE MINDS

On or about July 10, 2006, Defendants executed a funding agreement with Plaintiff in furtherance of their 3Com Power of $Zero Customer Agreement ("POZ Agreement") with Capital 4, Inc. ("Capital 4"). Under the POZ Agreement, Tri-City agreed to pay Capital 4 $1,845.88 per month for a 72-month term (with an option to execute a new agreement after 60 months) and Capital 4 agreed to: (1) provide, maintain, and support Tri-City's local and long-distance telephone and internet services (collectively, "public access services"), (2) give Tri-City a new 3Com telephone system at no cost, and (3) pay Tri-City a one-half cash rebate option in the amount of $5,257.59. Defendants understood that the funding agreement with Plaintiff was for Capital 4's accounting purposes, designed to permit Plaintiff to receive and disburse the monthly fee under the POZ Agreement, and not intended to alter the terms of the POZ Agreement. Defendants never agreed to lease a new telephone system from Plaintiff and never agreed to pay Plaintiff rent in the amount of $1,845.88 per month for a 60-month term for the privilege of leasing a telephone system worth approximately $14,000.00. A meeting of the minds did not occur between Defendants and Plaintiff, and Defendants therefore plead the absence of an agreement as an affirmative defense to Plaintiff's claims.

## SECOND DEFENSE
## LACK OF CONSIDERATION

The contract alleged in Plaintiff's Verified Complaint, and attached thereto as Exhibit A, described a finance leasing agreement in which Tri-City would pay Plaintiff $1,845.88 per month for a 60-month term for the privilege of leasing a telephone system from Plaintiff. Under the POZ Agreement with Capital 4, Tri-City was already entitled to receive the telephone system at no cost. Defendants therefore received no consideration from Plaintiff in exchange for their alleged promise to pay rent. Defendants plead the lack of consideration as an affirmative defense to Plaintiff's claims.

## THIRD DEFENSE
## MUTUAL AND UNILATERAL MISTAKES OF FACT

Defendants executed the contract alleged in Plaintiff's Verified Complaint under the mistaken belief that it was a funding agreement as described in the POZ Agreement with Capital 4 and by their sales agent, Metropark Communications, Inc. ("Metropark"). The mistake occurred notwithstanding the exercise of reasonable care by Defendants who reasonably relied upon representations contained in the POZ Agreement and representations from Metropark. Upon information and belief, Plaintiff tendered the alleged contract under the mistaken belief that it was leasing a telephone system to Defendants for a 60-month term. A mutual mistake of fact therefore exists between the parties as to the material terms of the alleged contract. In the alternative, a unilateral mistake occurred which is so severe that the enforcement of the alleged contract would be unconscionable under the circumstances. Defendants plead the affirmative defense of mutual and unilateral mistakes of fact and seek to rescind the alleged contract.

## FOURTH DEFENSE
## FRAUD

Upon information and belief, Plaintiff was aware of the terms of Tri-City's POZ Agreement with Capital 4 and agreed to serve as the third-party funding source. Notwithstanding its knowledge and agreement, Plaintiff tendered the alleged contract and made false representations to Metropark with the intent to deceive Defendants into mistakenly executing a finance lease for the free telephone system.  In the alternative, Plaintiff and Capital 4 were involved in a civil conspiracy to defraud Defendants through the use of a funding agreement that was inconsistent with the terms of the POZ Agreement.  Defendants reasonably relied upon the POZ Agreement and Metropark's representations and executed the alleged contract under a mistake of fact.  Defendants plead the affirmative defense of fraud and seek to either rescind the alleged contract or reform it to conform to the representations that induced them to execute the funding agreement.

## FIFTH DEFENSE
## UNCONSCIONABILITY

The contract alleged in Plaintiff's Verified Complaint purports to require Defendants to pay Plaintiff the total sum of $110,748.00 for a telephone system that was worth 1/8 of this figure and had been provided to Tri-City at no cost.  Furthermore, the parts of the alleged contract that differed from the POZ Agreement, and which Plaintiff seeks to enforce in this action, consisted of boilerplate in a Times New Roman type face with a 6-point font.  The terms of the alleged contract are unconscionable in nature and should not be enforced by this Court. Defendants plead the affirmative defense of unconscionability as a bar to Plaintiff's claims.

## SIXTH DEFENSE
## BREACH OF CONTRACT

In the event that the funding agreement is reformed to conform to the promises contained in the POZ Agreement and the course of dealings between the parties, Defendants allege that Plaintiff substantially breached the reformed contract by failing to provide Tri-City public access services since November, 2007. Defendants plead this breach of contract as an affirmative defense to Plaintiff's claims.

## SEVENTH DEFENSE
## CREDIT

Defendants deny all liability to Plaintiff for the claims asserted in the Verified Complaint. However, if Defendants are found liable by a court or jury, Defendants request that the verdict be credited or off-set by all amounts awarded to Defendants as a result of their Counterclaim.

## EIGHTH DEFENSE

Defendants plead as an affirmative defense all claims and allegations which they have raised and asserted in their Counterclaim and Third-Party Complaint to the extent that any of these claims and allegations may bar Plaintiff's claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray the Court for a Judgment that grants them the relief they sought in their original Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint [DE 10], as filed on August 6, 2008.

This the 22nd day of August, 2008.

/s/ Carlos E. Mahoney
Carlos E. Mahoney
Glenn, Mills, Fisher & Mahoney, P.A.
P. O. Drawer 3865
Durham, North Carolina 27702-3865
Telephone: (919) 683-2135
Fax: (919) 688-9339
cmahoney@gmf-law.com
N.C. State Bar No. 26509
Counsel for Defendants, appearing *pro hac vice*

Robert S. Bell, Jr.
Law Offices of Cary J. Collins, P.C.
2200 West Higgins Road, Suite 155
Hoffman Estates, IL 60195
Telephone: (847) 519-0010
Fax: (847) 519-0016
rsbelljr@sbcglobal.net
Local Counsel for Defendants

13

## CERTIFICATE OF SERVICE

I, Carlos E. Mahoney, hereby certify that on August 22, 2008, I electronically filed the foregoing document entitled, **Defendants' Amended Answer and Affirmative Defenses,** with the Clerk of Court for the Northern District of Illinois using the CM/ECF system which will send notification of the filing to all attorneys in this action.

                Respectfully submitted,

                /s/ Carlos E. Mahoney_____
                Carlos E. Mahoney
                Glenn, Mills, Fisher & Mahoney, P.A.
                P. O. Drawer 3865
                Durham, North Carolina 27702-3865
                Telephone: (919) 683-2135
                Fax: (919) 688-9339
                cmahoney@gmf-law.com
                N.C. State Bar No. 26509
                Counsel for Defendants, appearing *pro hac vice*